IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

      v.

KYLE A. RIGGS,

      Defendant.

Case No.: 19-cr-000146-wmc

## GOVERNMENT'S SENTENCING MEMORANDUM

I.    Introduction

For months, the defendant engaged in sexually explicit chat with an undercover officer he believed was an 11-year-old girl, detailing all the ways he wanted to sexually assault "her." The conversations culminated in the defendant sending the undercover officer two videos of an adult male sexually assaulting a prepubescent female, claiming it was him and his neighbor.[1] He was arrested two days later. The defendant's conduct was deviant and disturbing and he deserves a lengthy sentence.

II.    Guidelines

The defendant's total offense level was correctly calculated to be 40. He received a five-level enhancement for engaging in a pattern of sexually abusing and exploiting a

---

[1] This was proven to be false.

then-eight-year-old girl, KV 1. He also received a two-level enhancement for use of a computer which this Court generally declines to include when calculating offense levels in this type of case. With these two enhancements removed, the defendant's advisory guideline range is 135-168 months. The government submits a sentence within that range is supported by the § 3553 factors, as described below.

III.    ARGUMENT

In sentencing the defendant, Title 18, United States Code, Section 3553(a) directs this Court to focus on who the defendant is and what the defendant did (Section 3553(a)(1)), and to address various societal goals in sentencing (Section 3553 (a) (2-7)).

    A.    Nature and Circumstances of the Offense

In May 2019, an undercover officer created a profile on Skout, a social networking and dating application, portraying himself as an 11-year-old girl named Miranda. The defendant reached out to "Miranda" by sending a message reading, "Hey cutie." (R. 16, ¶ 10). The defendant began sending sexualized statements and later sent three pictures of an erect penis. (Id., ¶ 11). The defendant then asked "Miranda" to continue their conversation on Kik. (Id.).

The defendant, with a Kik user account name of "massiverod86," escalated the sexual content of the messages. (Id., ¶ 12). Despite knowing "Miranda" was 11, he talked about wanting to meet her. In fact, he said he wanted to meet her before she turned 12 because by then she "might have boobs and hair down there." (Id., ¶ 13).

2

During the course of these conversations, the defendant sent "Miranda" live videos of himself masturbating, images of his penis,[2] and bestiality images, and discussed making videos of himself sexually assaulting her. He also repeatedly asked "Miranda" to send him pictures.

On two occasions, the defendant planned trips to Eau Claire to meet "Miranda" but failed to show up - which could lead to the conclusion the conversation was merely fantasy. That conclusion however is undercut by the defendant's conduct with KV 1, as described in the PSR.

On October 5, 2019, the defendant sent "Miranda" a message, asking if she could keep a secret and told her, "remember what we had planned? – Well i did that with the neighbor girl but she is younger." (R. 16, ¶ 19). He then sent a video showing an adult male sexually assaulting a prepubescent girl. He also said he had contact with the neighbor girl's friend and sent a video of an adult sexually assaulting a different girl. And he sent a non-pornographic picture of KV 1 and claimed to have assaulted her, something that turns out to be true.

Understandably, these admissions heightened law enforcement's concern and the defendant was arrested two days later. When confronted by police, he minimized his actions, claiming that "Miranda" originally told him she was 19, but was really 15, neither of which was true. (R. 16, ¶ 24). He blamed his conduct on drinking and said

---

[2] When interviewed after his arrest, he denied these images were him, despite the fact that he reportedly was live streaming.

3

the chats were fantasy, something that also turned to be a lie. (Id.). He also reported chatting with other minors. (Id.)

Law enforcement analyzed the defendant's phone and recovered numerous images of child pornography that had been deleted. They also found four images that appear to be KV 1, although the defendant claims they are not. For the reasons discussed in Section E below, the government suggests that it does not matter whether these images are KV 1 because that conduct should be addressed in another venue.

B. History and Characteristics of the Defendant

The defendant's childhood was chaotic and appears to be marked by his parents' domestic violence, alcoholism, and custody battles. He has however, developed decent relationships with both parents now. The defendant has no criminal history points, but that is not really a mitigating factor in the context of these offenses. The defendant's record was taken into consideration in the calculation of his criminal history category and it is not uncommon for people who assault children to have no criminal history. *See, e.g., United States v. Oberg*, 877 F.3d 261 (7th Cir. 2017) (district judge properly noted that defendants in child pornography cases often have limited criminal histories).

C. The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment

Section 3553 directs the Court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in the subsection." Included in those factors are the need for the sentence imposed to reflect the seriousness

of the offense, to provide just punishment for the offense, and to protect the public from further crimes of the defendant.

The seriousness of this type of offense is difficult to overstate. Traders of child pornography are members of a community of deviant individuals who revel in watching the sexual abuse of young and vulnerable children. For those with a sexual interest in children, the Internet provides a tailor-made medium for acquiring the latest and most hardcore child pornography images. The fact that the children suffer the sexual abuse in the first place is a horrible reality, but add to that the continued exploitation of such children by persons like the defendant and it becomes a never-ending tragedy.

And this case goes beyond the distribution cases we often see - that is sending images to like-minded individuals or posting them into chat rooms. Sending images to a minor to persuade them to engage in sexual activity is part of the grooming process. The guidelines illustrate the seriousness by assessing a five-level enhancement for distribution to a minor, as opposed to the two-level enhancement for standard distribution. USSG § 2G2.2, (b)(3)(C) and (F).

    D.    Respect for the Law, Just Punishment, Adequate Deterrence, and Protection of the Public

Although he has no criminal history, the defendant may well pose a future danger to young girls. The fact that he was online communicating with someone he thought was an 11-year-old girl demonstrates the fact that he's a danger to the community. As discussed below, the government does not believe this Court should

punish the defendant for his acts with KV 1 but it should use the fact that it occurred in assessing the defendant's dangerousness. The bottom line is that the defendant is a hands-on offender and the public deserves to be protected from him for a very long time.

E. Assault of KV 1

As detailed in the PSR, KV 1 reported that the defendant sexually assaulted her on at least two occasions. (R. 16, ¶ 32-37). These assaults are likely going to result in charges in Shawno County. Additionally, if the explicit images that appear to be KV 1 found on the defendant's phone are positively identified, there is the chance that he will face production charges in the Eastern District. While the defendant did not object to the pattern enhancement, and in fact seems to admit the conduct in his objections, these charges are not before this Court. While the guidelines are properly calculated, the government believes the court should not consider the pattern enhancement in sentencing the defendant because it consists of conduct that is likely to be punished in a different forum. Similarly, the government believes the court should not consider the sexual assault of KV 1 in sentencing the defendant, other than to assess the defendant's dangerousness as discussed above.

Instead, the government suggests that the Court use the guideline range of 135-168 months to guide its sentence. This range is the appropriate sentence for the defendant in this case, even if the court disregards the guidelines entirely and sentences based solely on the § 3553(a) factors. The Court should then make the sentence in this case consecutive to any sentence he receives from any other court. Sentencing the

defendant in this way will keep the incidents separate and make sure the defendant is sentenced for both discrete courses of conduct.

IV. CONCLUSION

For all of the foregoing reasons, the government respectfully recommends that this Court impose a sentence between 135-168 months, to be followed by a lengthy term of supervised release. Such a sentence would be sufficient, but not greater than necessary, to reflect the seriousness of the offense and the goals of sentencing.

Dated this 19th day of June 2020.

    Respectfully submitted,

    SCOTT C. BLADER
    United States Attorney

By:    /s/
    ELIZABETH ALTMAN
    Assistant United States Attorney